UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| SUSAN CHANG, as Next Friend of Alison Chang, a minor, And Justin Ho-Wee Wong | § § § § § | |
| Plaintiffs, | § § | CAUSE NO. 3:07-CV-1767 |
| v. | § § | |
| Virgin Mobile USA, LLC Virgin Mobile Pty Ltd., And Creative Commons Corp. | § § § § | |
| Defendants. | § § | |

## PLAINTIFFS' FIRST AMENDED PETITION

Susan Chang, as parent and next friend of Alison Chang, and Justin Ho-Yee Wong ("Justin Wong") file their First Amended Petition, complaining of Defendants, Virgin Mobile USA, LLC, Virgin Mobile Pty Ltd. ("Virgin Mobile"), and Creative Commons Corporation, respectfully showing the Court as follows:

### PARTIES

1. Plaintiff, Susan Chang, an individual residing in Dallas, Texas, brings this action as parent and next friend of Alison Chang, a minor, who resides in Dallas, Texas.

2. Plaintiff, Justin Ho-Yee Wong, is an individual residing in Dallas, Texas.

3. Virgin Mobile USA, LLC is a Delaware corporation with its principal place of business in Warren, New Jersey. It may be served through its attorney of record, Noelle M.

Reed, Skadden, Arps, Slate, Meagher & Flom LLP, 1000 Louisiana, Suite 6800, Houston, Texas 77002.

4.  Virgin Mobile Pty Ltd. is an Australian company with its principal office in Sydney, New South Wales, Australia. It may be served through its attorney of record, Lisa H. Meyerhoff, Baker & McKenzie LLP, 2300 Trammel Crow Center, 2001 Ross Ave., Dallas, Texas 75201.

5.  Creative Commons Corporation is a Massachusetts Nonprofit Corporation with its principle office in Cambridge, Massachusetts. It may be served through its attorney of record, John L. Ross, Thompson, Coe, Cousins & Irons, L.L.P., Plaza of the America's, 700 N. Pearl Street, Twenty-fifth floor, Dallas, Texas 75201.

## JURISDICTION

6.  Personal jurisdiction is proper because the photograph serving as the basis of this suit depicts a Texas resident and was created in and licensed to Defendants in Texas.

7.  This Court has diversity jurisdiction over this action because it is between Plaintiffs, citizens of Texas, and Defendants, foreign corporations, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## VENUE

8.  Venue is proper in the Northern District of Texas because it is where a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred.

## FACTS

9. This cases arises from Virgin Mobile's unauthorized and exploitative use of Alison's Chang's image in an advertising campaign launched in June 2007 to promote free text messaging and other mobile services.

10. The campaign, titled "Are You With Us or What," features a collection of over one-hundred images downloaded from Yahoo's photo-sharing website, Flickr. The photos are displayed on billboards, newspaper ads, and Virgin's website, accompanied by trenchant, and often disparaging, slogans that expand upon the underlying image—*e.g.*, the caption "Monks are Boring" is superimposed over a group of monks, and "People who talk in lifts have bad breath" appears above an image of six adults in an elevator.

11. What distinguishes this campaign from most if not all others, however, is the fact that the images are being used under the Creative Commons "Attribution" licenses without the knowledge or consent of the persons depicted in the photos. The license was designed to provide a less restrictive alternative to the full copyright protections that immediately attach to an "original work of authorship"—*e.g.*, a photograph—by enabling the creator to authorize uses that would otherwise violate a standard copyright.

12. It does not, however, eviscerate or supplant a person's independent right of privacy. The license dictates the manner in which third parties may use the protected work, while privacy rights protect the images and likenesses of the people depicted in the work (*i.e.*, the subject of a photograph).

13. Alison Chang is a sixteen year old high school student who, like many other Flickr users, recently discovered that Virgin Mobile has been using an image of her obtained from a photograph posted on Flickr to promote free text messaging on a billboard in Australia. Superimposed over an image of Alison holding a peace sign is the slogan "Dump Your Pen Friend." A photograph of the billboard is attached hereto as Exhibit "A." The photograph was taken on April 21, 2007 by Alison's youth counselor, Justin Wong, who, using a creative commons attribution license, published the photo on his Flickr page that same day. Several weeks later, Alison received an email from one of her friends with an image of the billboard attached.

14. The photograph immediately incited the interest of news stations, legal commentators, and website bloggers across the world—primarily because Alison is the only minor depicted in the campaign. And in a matter of months, Alison was transformed from a normal high school student to the "dump your pen friend girl" whose name generates over a hundred responsive links on Google. Although Alison, like most teenage girls her age, tried at all costs to avoid humiliating and embarrassing situations, because of Virgin Mobile's opportunistic conduct, she now faces them every day.

15. Virgin Mobile continues, nonetheless, to defend its unauthorized use of the images by offering mere subterfuge and pretext: "[f]eaturing Flickr imagery in our communications is part of our ongoing commitment to champion the spontaneous and genuine nature of the photographs of Flickr. We see Flickr as a vibrant, contemporary, online community

and resource and that the spirit of the creative commons agreement matches Virgin's philosophy, as well as the inclusive nature of our "Are you with us or what?" campaign."

## COUNT I
## INVASION OF PRIVACY

16. All preceding paragraphs are incorporated as if set forth fully herein.

17. Virgin Mobile willfully misappropriated Alison's name and likeness without her consent by using a photograph of her holding a peace sign in connection with its "Are you with us or what" campaign. In using this photograph, Virgin Mobile implicitly represented to the public that Alison consented to the use of her likeness to endorse Virgin Mobile's products, when, in fact, she had no knowledge that her image was being used.

18. Virgin Mobile intentionally misappropriated Alison's likeness and image for its own use and benefit. More specifically, Alison's image enhanced the advertising campaign because she possesses certain immutable characteristics—such as her age and appearance—that appeal to and attract Virgin Mobile's target demographic.

19. As a direct and proximate result of Virgin Mobile's opportunistic and unauthorized misappropriation of Alison's photograph, she has permanently lost the exclusive right of control over her image and likeness. Virgin Mobile's actions have also caused her to experience and suffer humiliation, severe embarrassment, frustration, grief, and general mental anguish damages, all of which, in reasonable probability, will subsist in the future. Furthermore, Alison has sustained damage and injury to her reputation and good name in the community, which exposes her to contempt and ridicule among her peers, neighbors, relatives and friends, and impairs, among other things, her ability to gain acceptance to universities of her choice.

20. Moreover, Virgin Mobile has been unjustly enriched by Alison, as her image and likeness promoted and enhanced Virgin Mobile's business activities, including its "Are you with us or what" campaign, by appealing to its target demographic, entitling her to recover the amount by which Virgin Mobile has been unjustly enriched.

21. As Virgin Mobile intentionally and maliciously violated Alison's right of privacy through misappropriating her image and likeness without the necessary consent, she seeks exemplary damages in a sum within the jurisdictional limits of this Court.

## COUNT II
## LIBEL PER SE

22. All preceding paragraphs are incorporated as if set forth fully herein.

23. The publication of Alison's image along with the caption "Dump your pen friend" is libelous, injuring Alison's reputation and, thereby, subjecting her to public contempt, embarrassment, humiliation, and disgrace.

24. Virgin Mobile's defamation of Alison through this graphic and insulting form was so obviously hurtful on its face that it constitutes libel per se and could reasonably be calculated to cause injury to her reputation and good name, for which she seeks actual damages within the jurisdictional limits of this Court.

25. In publishing her photograph under the caption "Dump your pen friend," Virgin Mobile acted with malice, intending to subject Alison to public humiliation, disgrace and embarrassment. As a result of Virgin Mobile's false and libelous statements, Alison is also entitled to exemplary damages pursuant to Tex. Civ. Prac. & Rem. Code §41.001(7) and §41.003(a)(2).

## COUNT III
### LIBEL PER QUAD

26. All preceding paragraphs are incorporated as if set forth fully herein.

27. Virgin Mobile further defamed Alison by encouraging, through innuendo, those who viewed the campaign to end their friendship with anyone that bears a resemblance to Alison. The statement "Dump your pen friend," is particularly harmful given that Alison is a sixteen year old high school student, who is highly influenced by and susceptible to peer ridicule and opinion.

28. Virgin Mobile acted with malice in publishing Alison's photograph and, as a result, caused her to experience public humiliation, embarrassment and damage to her reputation and good name in the community.

## COUNT IV
### BREACH OF CONTRACT

29. All preceding paragraphs are incorporated as if set forth fully herein.

30. Justin Wong entered into a valid and enforceable license contract with Virgin Mobile when the latter downloaded the photograph of Alison Chang from Flickr. The contractual license agreement is entitled "Creative Commons Attribution 2.0." A copy of the license is attached hereto as Exhibit "B." Because Justin Wong entered into a valid and enforceable contract with Virgin Mobile, he has standing to bring this breach of contract action against Virgin Mobile.

31. Under the express terms of the license contract, Virgin Mobile was obligated, *inter alia*, to attribute Justin Wong as the photographer of the picture. Virgin Mobile failed to comply with this obligation, thereby breaching the terms of the contract.

32. Section 7(a) of the contract specifically states that "[t]his License and the rights granted hereunder will terminate automatically upon any breach by You of the terms of this

License." It therefore follows that when Virgin Mobile breached the contract by posting the photograph of Alison Chang without properly attributing the photographer and licensor, Justin Wong, the contract terminated, which thereby abrogated any rights that were otherwise granted to Virgin Mobile under the terms of the license.

33. As a result of Virgin Mobile's breach of the license agreement, Justin Wong has suffered injury and damages, entitling him to an award of compensatory, consequential and other damages, along with his attorney's fees and costs.

## COUNT V
### NEGLIGENCE

34. All preceding paragraphs are incorporated as if set forth fully herein.

35. Creative Commons—through "open content" licenses—provides licensing frameworks for the distribution and release of copyrighted materials across the internet. As the creator of these licenses, it necessarily assumed the duty to not only explicate and define their intended uses, but to also warn users that the licenses do not release privacy, publicity or any other common law or statutory rights other than the creator's copyright. Its failure to satisfy this obligation obfuscates the distinctions between the various licenses and deprives users of the information needed to determine whether any additional releases are or may be necessary before they may lawfully use the work in the manner specified in the license.

36. Here, Justin Wong was never informed of either the meaning of "commercial use" or the fact the licenses only convey the author's copyright. Had the license explained this information, he would not have released or licensed the picture, eliminating any need for this lawsuit.

37. It is because of Creative Common's act and/or omissions that Justin Wong released his creative work and sustained the resulting damages.

### COUNT VI
### COPYRIGHT INFRINGEMENT

36. After publishing the photograph on Flickr, Justin Wong properly registered his photograph with the United States Copyright Office, Register of Copyrights.

37. The Creative Commons license governing Justin Wong's creative work expressly required, among other things, that Virgin Mobile (1) include a copy of, or the Uniform Resource Indentified for, the license with every copy, (2) give Wong credit as the original author of the work, and (3) provide a credit identifying "the use of the work in the Derivative Work." As previously discussed, Virgin Mobile's failure to comply with these requirements constituted a material breach, causing the license to automatically terminate: "This license and the rights granted hereunder will terminate automatically upon any breach by You of the terms of this License." Any continued use of the photograph by Virgin Mobile was, therefore, impermissible.

38. Justin Wong's photograph is a creative work entitled to full copyright protection under 17. U.S.C. §101 *et seq.* Upon information and belief, Virgin Mobile infringed Justin Wong's copyright by continuing to use and display Alison Chang's photograph without his consent after breaching the terms of Creative Commons license.

39. Under 17 U.S.C. §504(b), (c), Virgin Mobile's willful infringement entitles Justin Wong to actual and/or statutory damages, including the profits attributable to Virgin's use of the photograph, as well as his costs and attorney's fees.

### CONDITIONS PRECEDENT

40. Any conditions precedent to Plaintiff's right to recover have been performed or occurred.

### JURY DEMAND

41. Plaintiffs request a trial by jury.

### PRAYER

42. WHEREFORE, Plaintiffs respectfully request the following relief:

1. That Defendants be cited to appear and answer herein;

2. That upon final trial hereof, Plaintiffs recover judgment against Defendants for all damages incurred as a result of Defendants' wrongful conduct, as alleged herein;

3. That upon a final trial hereof, costs be taxed against Defendants;

4. That upon a final trial hereof, Plaintiffs recover all pre and post judgment interest allowed by law;

5. That upon a final trial hereof, Plaintiffs recover such other and further relief, general or special, legal or equitable, to which it may justly be entitled.

Respectfully submitted,

*/s/ Ryan H. Zehl*

Ryan H. Zehl
Texas State Bar No. 24047166
Bryant A. Fitts
Texas State Bar No. 24040904
FITTS ZEHL LLP
5065 Westheimer Rd., Suite 700
Houston, Texas 77056
Telephone 713.491.6064
Facsimile 713-583-1492

Mark W. Romney
State Bar No. 17225750
Shannon, Gracey, Ratliff & Miller, LLP
500 N. Akard Street, Suite 2500
Dallas, Texas 75201
(214) 245-3062 (telephone)
(214) 245-3097 (facsimile)
mromney@shannongracey.com

**ATTORNEYS FOR PLAINTIFF SUSAN CHANG, NEXT FRIEND OF ALISON CHANG, A MINOR, AND JUSTIN HO-YEE WONG**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served on the following lead attorneys by FedEx on January 24, 2008.

**Counsel for Defendant Virgin Mobile Pty Ltd.**

Lisa H. Meyerhoff
Baker & McKenzie LLP
2001 Ross Ave.
Dallas, Texas 75201

_____
Ryan H. Zehl